| | |
|---|---|
| JEREL CARDENAS, MEGAN WARD, and WILLIAM DEVALL, | } } } |
| Plaintiffs, | } } } |
| v. | } CASE NO.: 3:25-cv-00058 } JURY DEMANDED |
| GREY MATTER LLC, KEITH BRIDGES, and BRENDA BRIDGES d/b/a BEERIDGES FARM and KNOX GOATS, | } } } } |
| Defendants. | } |

## COMPLAINT

**COME NOW**, the plaintiffs, Jerel Cardenas ("Mr. Cardenas"), Megan Ward ("Ms. Ward"), and William Devall ("Mr. Devall") (collectively, "Plaintiffs"), by and through counsel, Law Office of James W. Friauf, and assert claims against Grey Matter LLC ("Grey Matter"), Keith Bridges ("K. Bridges"), and Brenda Bridges ("B. Bridges") (collectively, Defendants) pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, as amended, and the common law of Tennessee, as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 because this is an action arising pursuant to the FLSA.

2.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 1367. The FLSA claims asserted fall within the original subject-matter jurisdiction of the court. The remaining causes of action are so related to the claims in the

action within the original jurisdiction of this Court that they form part of the same case or controversy.

3.      This Court has authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

4.      Venue is proper in this Court because Defendants maintain and/or maintained business operations within the district.

5.      Venue is also proper in this Court because substantially all the acts and/or omissions giving rise to Plaintiffs' claims occurred within the district.

6.      The Court has supplemental jurisdiction regarding the causes of action averred under Tennessee law pursuant to 28 U.S.C. § 1367.

## PARTIES

7.      Mr. Cardenas is a resident citizen of the State of New York

8.      Ms. Ward is a resident citizen of Knox County, Tennessee.

9.      Mr. Devall is a resident citizen of Knox County, Tennessee

10.     At all times during their employment with Defendants, Plaintiffs should have been classified as hourly, FLSA non-exempt employees for purposes of payment of minimum wage and overtime compensation but were not.

11.     At various periods during their employment with Defendants, Plaintiffs were paid nothing for their work in violation of the FLSA's minimum wage requirement.

12.     Further, at all material times, during Plaintiffs' employment with Defendants, Plaintiffs were FLSA non-exempt employees of Defendants employed by Defendants at Defendants' facility located in Clinton, Anderson County, Tennessee.

13. At all material times, Grey Matter was, and continues to be, a domestic, for-profit limited liability company that maintains its principal place of business in Clinton, Tennessee. At all material times, Grey Matter was engaged in the animal husbandry industry and transacted business in interstate commerce. At all material times, Grey Matter was registered to and engaged in business in Tennessee. Should it choose not to waive service of a summons, Grey Matter may be served with process via its registered agent, Keith Bridges, at its registered agent's address listed with the Tennessee Secretary of State: 814 Bull Run Road, Clinton, Tennessee 37716.

14. At all material terms, K. Bridges was an 'employer' as that term is defined by the FLSA. Upon information and belief, should he choose not to waive the service of a summons, K. Bridges may be personally served with process at 814 Bull Run Road, Clinton, Tennessee 37716.

15. At all material terms, B. Bridges was an 'employer' as that term is defined by the FLSA. Upon information and belief, should she choose not to waive the service of a summons, B. Bridges may be personally served with process at 814 Bull Run Road, Clinton, Tennessee 3771.

## COVERAGE

16. At all material times, Plaintiffs were Defendants' "employee[s]" within the meaning of the FLSA.

17. At all material times, Defendants were Plaintiffs' "employer[s]" within the meaning of the FLSA.

18. At all material times, Defendants were, and continue to be, "[ ] enterprise[s] engaged in commerce" within the meaning of the FLSA.

19. At all material times, upon information and belief, the annual gross revenue of Defendants exceeded $500,000.00 per annum.

20. At all material times, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

21. Plaintiffs have all worked for Defendants at various points during the previous three (3) years.

22. As employees, all should have been paid on an hourly basis (or at all) but were not.

23. Plaintiffs regularly worked more than forty (40) hours per week but were not provided overtime compensation at a rate of not less than one (1) and one-half (1/2) times their regular rate of pay.

24. None of Plaintiffs met the criteria as an 'exempt employee' pursuant to the FLSA. Accordingly, any classification of Plaintiffs as 'salaried' employees was improper and a knowing violation of the FLSA.

## PLAINTIFFS

### Jerel Cardenas

25. Defendants hired Mr. Cardenas in July 2023 to serve as a laborer for BeeRidges Farms and/or Knox Goats.

26. Mr. Cardenas was supposed to be compensated at a rate of $15.00 per hour.

27. During his time employed by Defendants, Mr. Cardenas worked numerous hours for which he was not compensated, including hours in excess of 40 per week.

28. Defendants failed to pay Mr. Cardenas for all hours worked, including those hours worked in excess of 40 per week, which entitled Mr. Cardenas to overtime pay.

29. By failing to pay Mr. Cardenas anything for his work, Defendants have also violated the FLSA's minimum wage provision.

30. Mr. Cardenas contacted Defendants in November 2023 to complain about the fact he was not being properly paid.

31. Despite this attempt at resolution, Defendants continue to refuse to pay Mr. Cardenas for his work as required by state and federal law.

**Megan Ward**

32. At all material times, Ms. Ward served as the so-called 'office manager' for Knox Goats.

33. Defendants misclassified Ms. Ward as an 'independent contractor' rather than an employee even though her job duties clearly rendered her an employee.

34. The original arrangement contemplated Ms. Ward working approximately 10 hours per week at a rate of $15.00 per hour. In actuality, Ms. Ward worked many more hours, yet she was compensated nothing for her work.

35. At no time did Ms. Ward qualify for any exemption to the overtime requirements of the FLSA. She worked hours in excess of 40 per week on numerous occasions. She was not compensated at a rate of one (1) and one-half (1/2) times her regular rate of pay. In fact, she was paid nothing in violation of the minimum wage provision of the FLSA.

36. Defendants terminated Ms. Ward's employment effective December 1, 2023.

**William Devall**

37. Defendants hired Mr. Devall in July 2022 as project manager and/or maintenance chief.

38. Defendants agreed to pay Mr. Devall $2,000.00 per month for his services.

39. Mr. Devall oftentimes worked 'sunrise to sunset'.

40. Upon information and belief, none of Mr. Devall's job duties qualify him from an exemption to the FLSA's overtime requirement.

41. Defendants terminated Mr. Devall effective October 9, 2023.

42. Defendants did not pay wages owed to Mr. Devall, including minimum wages and overtime compensation in violation of state and federal law.

## CAUSES OF ACTION

43. Defendants' actions constitute violations of the Fair Labor Standards Act.

44. Defendants' actions constitute a breach of contract.

45. Defendants' arrangement, if not formal, constitutes an oral contract and/or agreement for services, thereby entitling Plaintiffs to compensation for their work.

46. Defendants' actions constitute unjust enrichment.

47. Defendants' violations of the Fair Labor Standards Act have damaged Plaintiffs.

48. Defendants' violations of the FLSA were intentional and made knowing that such conduct was unlawful.

**WHEREFORE**, Plaintiffs pray that the Court:

A. Empanel a jury for the trial of this case.

B. Grant Plaintiffs a judgment against Defendants for compensatory damages and liquidated damages for Defendants' violations of the law as described in the *Complaint*, *infra*.

C. Award Plaintiffs their costs in this cause, including but not limited to their reasonable attorney's fees and other litigation costs.

D. Assess the costs of the Court in this cause against Defendants; and

E. Grant Plaintiffs such other and further relief to which they may be entitled as the Court may otherwise deem appropriate.

Respectfully submitted, this 7th day of February 2025.

**JEREL CARDENAS, MEGAN WARD, and WILLIAM DEVALL**


By:/s/ James Friauf

James W. Friauf (#027238)
Law Office of James W. Friauf
9111 Cross Park Dr., D200
Knoxville, Tennessee 37923
Tele: (865) 236-0347
Email: james@friauflaw.com
Our File No.: 24-302-EPL-LRIS

*Attorney for the plaintiffs, Jerel Cardenas, Megan Ward, and William Devall*