# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| JEREL CARDENAS, MEGAN WARD, and WILLIAM DEVALL, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 3:25-cv-00058 |
| v. | ) ) | **JURY DEMANDED** |
| GREY MATTER LLC, KEITH BRIDGES, and BRENDA BRIDGES d/b/a BEERIDGES FARM and KNOX GOATS, | ) ) ) ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS GREY MATTER, LLC, KEITH BRIDGES, AND BRENDA BRIDGES d/b/a BEERIDGES FARM and KNOX GOATS

Come now the Defendants Grey Matter, LLC ("Grey Matter"), Keith Bridges ("Mr. Bridges"), and Brenda Bridges d/b/a/ BeeRidges Farm and Knox Goats ("Ms. Bridges") (collectively the "Defendants"), by and through counsel, and for their Answer to the Complaint filed by Plaintiffs Jerel Cardenas, Megan Ward, and William Devall (the "Complaint"), state as follows:

## JURISDICTION AND VENUE

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Defendants do not dispute the exercise of this Court's supplemental jurisdiction, so long as Plaintiffs' claims arising under Federal law remain viable before this Court. Otherwise, the allegations in Paragraph 6 are denied.

## PARTIES

7.       Upon information and belief, the allegations contained in Paragraph 7 of the Complaint are admitted.

8.      Upon information and belief, the allegations contained in Paragraph 8 of the Complaint are admitted.

9.      Upon information and belief, the allegations contained in Paragraph 9 of the Complaint are admitted.

10.      Denied.

11.      Denied.

12.      Denied.

13.      Admitted.

14.      As stated, Mr. Bridges admits the allegations contained in Paragraph 14.

15.      As stated, the allegation contained in Paragraph 14 of the Complaint stating: "B. Bridges was an 'employer' as that term is defined by the FLSA" is denied, and strict proof is demanded thereof. Further, the allegation that Ms. Bridges "may be personally served with process at 814 Bull Run Road, Clinton, Tennessee 3771" contains a typographical error and is denied on the merits, and strict proof is demanded thereof.

## COVERAGE

16.      Admitted.

17.      Admitted.

2

18.     Admitted.

19.     Denied.

20.     As stated, the allegations contained in Paragraph 20 of the Complaint are denied, and strict proof is demanded thereof.

21.     As stated, the allegations contained in Paragraph 21 of the Complaint are denied, and strict proof is demanded thereof.

22.     As stated, the allegations contained in Paragraph 22 of the Complaint are denied, and strict proof is demanded thereof.

23.     As stated, the allegations contained in Paragraph 23 of the Complaint are denied, and strict proof is demanded thereof.

24.     Denied.

## PLAINTIFFS

### Jerel Cardenas

25.     As stated, the allegations contained in Paragraph 25 of the Complaint are denied, and strict proof is demanded thereof.

26.     As stated, the allegations contained in Paragraph 26 of the Complaint are denied, and strict proof is demanded thereof.

27.     As stated, the allegations contained in Paragraph 27 of the Complaint are denied, and strict proof is demanded thereof.

28.     As stated, the allegations contained in Paragraph 28 of the Complaint are denied, and strict proof is demanded thereof.

29.     As stated, the allegations contained in Paragraph 29 of the Complaint are denied, and strict proof is demanded thereof.

3

30. As stated, the allegations contained in Paragraph 30 of the Complaint are denied, and strict proof is demanded thereof.

31. As stated, the allegations contained in Paragraph 31 of the Complaint are denied, and strict proof is demanded thereof.

**Megan Ward**

32. As stated, the allegations contained in Paragraph 32 of the Complaint are denied, and strict proof is demanded thereof.

33. As stated, the allegations contained in Paragraph 33 of the Complaint are denied, and strict proof is demanded thereof.

34. As stated, the allegations contained in Paragraph 34 of the Complaint are denied, and strict proof is demanded thereof.

35. As stated, the allegations contained in Paragraph 35 of the Complaint are denied, and strict proof is demanded thereof.

36. As stated, the allegations contained in Paragraph 36 of the Complaint are denied, and strict proof is demanded thereof.

**William Devall**

37. As stated, the allegations contained in Paragraph 37 of the Complaint, stating that Mr. Devall was hired in July 2022, are admitted. It is denied that Mr. Devall was hired by "Defendants," as defined in the Complaint, and strict proof is demanded thereof. The remaining allegations contained therein are denied as stated.

38. As stated, Defendants deny the allegations contained in Paragraph 38 of the Complaint. Specifically, allegations pertaining to an agreement of payment for services by "Defendants," as defined in the Complaint, are denied, and strict proof is demanded thereof.

4

39.     As stated, the allegations contained in Paragraph 39 of the Complaint are denied, and strict proof is demanded thereof.

40.     As stated, the allegations contained in Paragraph 40 of the Complaint are denied, and strict proof is demanded thereof.

41.     As stated, the allegations contained in Paragraph 41 of the Complaint are denied, and strict proof is demanded thereof.

42.     Denied as stated. As asserted in the Complaint, *see* Paragraph 38, Mr. Devall was only to be compensated monthly for services rendered. Alternatively, should Plaintiffs intend to allege compensation owed in addition to the claims contained in Paragraph 42 of the Complaint, Defendants deny the same, and strict proof is demanded thereof.

## CAUSES OF ACTION

43.     Denied.

44.     Denied.

45.     As stated, the allegations contained in Paragraph 45 are denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     For answer to Plaintiffs' prayer for relief, Defendants deny that they are liable to Plaintiffs for the requested relief or any other relief cognizable under state or federal law. To the extent that Plaintiffs' prayer seeks monetary damages against Defendants, it is denied and strict proof is demanded thereof.

50.     Any allegation contained in the Complaint that is not admitted, denied, or otherwise explained, is hereby denied as if denied specifically, and strict proof is demanded thereof.

5

## AFFIRMATIVE DEFENSES

1. Defendants incorporate by reference their responses to the preceding allegations.

2. To the extent that Plaintiffs' Complaint fails to state a cause of action or any claim for relief against these Defendants, this Court should dismiss this Complaint in its entirety.

3. No act or omission on the part of the Defendants violated any right alleged to be held by any singular Plaintiff in this action, whether under Federal or State law.

4. In the alternative, if this Court finds Defendants violated any right of the Plaintiffs, the right was not clearly established under the circumstances at issue in this case.

5. Pursuant to 29 U.S.C.S. § 260, any act or omission giving rise to this FLSA action was in good faith, and the Defendant had reasonable grounds for believing that the act or omission was not a violation of the FLSA. According, liquidated damages are barred.

6. Pursuant to 29 U.S.C. § 255, the statute of limitations of any FLSA claim is limited to two years, as any act or omission by the Defendant was not willful.

7. The Plaintiffs' claims are barred by 29 U.S.C. § 259. Specifically, Defendant's pay policies were in conformity with or in reliance on the U.S. Department of Labor policies. Accordingly, Plaintiff's claim must be dismissed.

8. Pursuant to 29 U.S.C.S. § 213(b)(12), agriculture employees are exempt from overtime payment. Defendants reserve leave herein to show this Court that the nature of Plaintiffs' employment meets the definition of agriculture as defined in 29 U.S.C.S. § 203(f). Defendants also aver that the State of Tennessee has not enacted any separate overtime payment requirements.

9. Defendants assert the defense of the doctrine of avoidable consequences.

10. Defendants assert any unpaid time was de minimus.

11. Defendants demand a jury to try this action.

6

12. Defendants reserve the right, subject to this Court's approval, to amend this Answer and assert any additional defenses, affirmative or otherwise, as additional facts become available during the discovery process.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court dismiss Plaintiffs' claims with prejudice, that, to the extent permissible by law, tax all costs associated to this action, in their entirety, to the Plaintiffs, and award any such other and general relief to Defendants as this Court finds appropriate.

Respectfully submitted this the 2nd day of May 2025.

*/s/ Peyton Faulkner Ritchie*_____
Peyton Faulkner Ritchie, Esq. (BPR #042104)
Marshall W. Stair, Esq. (BPR #027556)
LEWIS THOMASON, P.C.
900 S. Gay Street, Suite 300
P. O. Box 2425
Knoxville, TN 37901-2425
(865) 546-4646
pritchie@lewisthomason.com
*Attorneys for Defendants Grey Matter, LLC,*
*Keith Bridges, and Brenda Bridges*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May 2025, a true and exact copy of the foregoing Answer of Defendants Grey Matter, LLC, Keith Bridges, and Brenda Bridges d/b/a BeeRidges Farm and Knox Goats was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

James W. Friauf, Esq. (BPR #027238)
Law Office of James W. Friauf
9111 Cross Park Dr., D200
Knoxville, TN 37923
Telephone: (865) 236–0347
james@friauflaw.com
*Attorneys for Plaintiffs Jerel*
*Cardenas, Megan Ward,*
*and William Devall*

*/s/ Peyton Faulkner Ritchie*_____
Peyton Faulkner Ritchie, Esq. (BPR #042104)

8
