UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JEREL CARDENAS, *et al.*,          )
                                   )
    Plaintiffs,                )
                                   )
v.                                 )   No. 3:25-CV-58-KAC-DCP
                                   )
GREY MATTER, LLC, *et al.*,        )
                                   )
    Defendants.                )

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Enjoin Plaintiff Cardenas From Filing Extraneous Filings and Accusations and to Rule on Plaintiff Cardenas's Pending Notice of Voluntary Dismissal [Doc. 35], Plaintiff Cardenas's Motion to Compel and Request for Preservation and Production of Evidence ("First Motion to Compel") [Doc. 43], Plaintiff Cardenas's Notice of Non-Response to Request for Admission ("RFA Notice") [Doc. 50], Plaintiff Cardenas's Motion to Compel Discovery and to Deem Requests for Admission Admitted Pursuant to Fed. R. Civ. 36(a)(3) and 37(a)(3)(B) ("Second Motion to Compel") [Doc. 53], Plaintiff Cardenas's Renewed Motion to Compel and Request for Subpoena Authority ("Third Motion to Compel") [Doc. 54], Plaintiff Cardenas's Motion to Deem Requests for Admission as Admitted ("RFA Motion") [Doc. 55], Plaintiff Cardenas's Hardship Motion [Doc. 56], Plaintiff Cardenas's Notice Regarding Mail Delays, Request for Evidence Preservation Order, and Application to File Documents By Email ("Notice 1") [Doc. 59], and Plaintiff Cardenas's Notice Regarding Mail

Delays, Request for Evidence Preservation Order, and Application to File Documents by Email ("Notice 2") [Doc. 65].

The Court will start with Defendants' motion [Doc. 35]. They state that Plaintiff Cardenas filed a Notice of Voluntary Dismissal on May 16, 2025 [*Id.* at ¶ 1 (citing Doc. 24)]. Defendants submit that "[s]ince filing the attempted dismissal, Plaintiff Cardenas has continued to submit extraneous filings, including documents styled 'Victim Statement Request for Judicial Assistance' and 'Request for Assistance'" [*Id.* ¶ 4 (citing Docs. 31 and 32)]. They request that the Court (1) "[e]njoin Plaintiff Cardenas from filing any additional documents in this case without prior leave of Court until the Court rules on the pending dismissal[,]" (2) "[s]trike any post-dismissal filings that are improper, irrelevant, or abusive[,]" and (3) "[r]ule on Plaintiff's Notice of Voluntary Dismissal" [*Id.* at 2]. Plaintiff Cardenas denies "any form of harassment or improper behavior" [Doc. 41 p. 2]. He contends that his "communications and filings are solely rooted in the truth and made in good faith to protect this Court's integrity, preserve relevant evidence, and pursue justice in accordance with the law" [*Id.*].

On July 18, 2025, United States District Judge Katherine Crytzer ruled on Plaintiff Cardenas's Notice of Voluntary Dismissal [Doc. 61]. In addition, the Court has already addressed Plaintiff Cardenas's Request for Assistance [Doc. 33]. The Court therefore finds that Defendants' requests are largely moot. They also seek to strike Plaintiff Cardenas's post-dismissal filings as "improper, irrelevant, and abusive" [Doc. 35 p. 2]. Defendants do not provide the legal authority for this request. But regardless, Judge Crytzer later admonished "Plaintiff Cardenas that if he fails to comply with the Rules in the future, the Court may strike any non-compliant filing" [Doc. 61 p. 2 (emphasis omitted)]. The Court therefore **DENIES** Defendants' motion [**Doc. 35**] at this time.

Turning to Plaintiff Cardenas's motions, several of them are not ripe. *See* E.D. Tenn. L.R. 7.1(a). However, given that the motions are largely duplicative, and in order to manage the docket, the Court elects to adjudicate these matters on an expedited basis. *See* E.D. Tenn. L.R. 7.2 ("Under exceptional circumstances, the Court may act upon a motion prior to the expiration of the response time.").

As an initial matter, Rule 26(d)(1) of the Federal Rules of Civil Procedure provides, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). It appears that when Plaintiff Cardenas filed his motions, the parties had not yet participated in their Rule 26(f) conference [*See* Doc. 58 p. 2 (stating that defense counsel continues to send correspondence about participating in the parties' Rule 26(f) meeting); Doc. 63 (describing a telephone call on July 14, 2025, between Plaintiff and defense counsel in what appears to be their Rule 26(f) conference)]. Therefore, several of his requests relating to discovery can be denied on that basis alone.

Nevertheless, the Court has reviewed the motions. Starting with the First Motion to Compel [Doc. 43], Plaintiff seeks "an [o]rder compelling the preservation and production of all electronically stored information (ESI), communications, and financial records related to the subject matter of this litigation" [*Id.* at 1]. He also seeks to serve third-party subpoenas "to ensure the preservation and production of evidence that may otherwise be withheld or deleted" [*Id.* at 1– 2]. He submits a sworn statement, stating that in October 2023, Defendant Briggs asked him "how she and her son could 'hide money from future lawsuits'" [Doc. 43-3 p. 1]. Defendants responded in opposition to the motion, stating that Plaintiff served Requests for Production of Documents

3

("RFPs") on or about June 25, 2025, and their responses are not yet due [Doc. 45 p. 1]. They also state that his request to compel preservation is improper and that his motion does not include a certificate in good faith that he conferred or attempted to confer with Defendants prior to filing it [*Id.*]. Plaintiff Cardenas filed a reply, acknowledging that he served his RFPs on June 25, 2025 [Doc. 62 p. 2]. He claims he met and conferred in good faith when he contacted Defendants multiple times in 2024 "seeking to resolve the issue of unpaid wages and related business conduct" [*Id.* at 2].

The Court **DENIES** the First Motion to Compel [**Doc. 43**]. Plaintiff filed his motion on the same day he served his requests, *see* Fed. R. Civ. P. 34(b)(2)(A) (providing thirty days for parties to respond from when they were served or thirty days from when the parties participated in their Rule 26(f) conference), and his motion does not comply with Rule 37(a)(1) (the motion must contain a certificate showing that the moving party met and conferred with the opposing party prior to seeking relief with the court). Further, Plaintiff's request for a preservation order is not necessary. *See Swetlic Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.*, No. 2:16-CV-236, 2016 WL 1657922, at *2 (S.D. Ohio Apr. 27, 2016) ("Generally, preservation orders are unnecessary because parties to civil litigation have 'a duty to preserve relevant information, including ESI . . .'" (ellipses in original) (quoting *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008)).[1]

---

[1] The Court notes that Plaintiff Cardenas seeks to serve subpoenas to third parties [Doc. 43 pp. 1–2]. Third parties do "not have a duty to preserve information absent a court order." *Swetlic Chiropractic & Rehab. Ctr., Inc.*, 2016 WL 1657922, at *3. But Plaintiff Cardenas has not addressed the relevant factors. *See id.* at *2–3 (explaining the relevant factors courts should consider when expediting discovery and the relevant factors courts should consider when determining the entitlement to a preservation order). Further, Plaintiff only provides examples of the third parties he seeks to subpoena [*See* Doc. 43 p. 2], and the information he seeks to preserve is broad. *See id.* at *3 ("The issue . . . is whether the requested preservation order constitutes an appropriate exercise of the Court's discretion. Central to this inquiry is whether the requested preservation order is overbroad and/or unduly burdensome.").

4

Plaintiff's RFA Notice [Doc. 50] states that on June 20, 2025, he served Defendants Keith Bridges and Brenda Bridges with "a formal Request for Admission pursuant to Rule 36 of the Federal Rules of Civil Procedure" [*Id*. at 1]. He submits that "more than twelve (12) calendar days have passed[,]" and he has "received no response" [*Id*.]. He requests that "the Court take judicial notice of this non-response and preserve [his] right to raise this issue in future motions or proceedings" [*Id*.]. The Court **DENIES** this request [**Doc. 50**]. Defendants have thirty days to respond to Request for Admissions ("RFAs"). *See* Fed. R. Civ. P. 36(a)(3).

Plaintiff Cardenas's Second Motion to Compel [Doc. 53] requests that the Court deem his June 25 RFAs "as conclusively established" and states that Defendants have failed to respond to his RFPs [*Id*. at 1]. For the same reasons as above, the Court **DENIES** this motion [**Doc. 53**].

Plaintiff Cardenas's Third Motion to Compel [Doc. 54] renews his June 2025 motion to compel. He seeks an order compelling (1) a response to his RFPS, and (2) the preservation of certain records [*Id*. at 3]. For the same reasons as above, the Court **DENIES** this motion [**Doc. 54**].

Plaintiff Cardenas's RFA Motion [Doc. 55] states that he served RFAs to defense counsel on or about June 17, 2025. He states that Defendants have not responded to them, and he requests that they be deemed admitted [*Id*. at 1–2]. Even if the RFAs were served on June 17, 2025, *see* Fed. R. Civ. P. 26(d)(1) (explaining that no discovery can occur before the parties' Rule 26(f) meeting), Plaintiff's motion is premature because he filed it on July 16, 2025. *See* Fed. R. Civ. P. 34(a)(3) (explaining that a response is due within thirty days). The Court **DENIES** Plaintiff Cardenas's RFA Motion [**Doc. 55**].

Plaintiff Cardenas's Hardship Motion [Doc. 56] seeks to seal photographs that document his injuries. He filed his photographs with his request to file documents via email.[2] For good cause shown, the Court **GRANTS** the Hardship Motion [**Doc. 56**] to the extent it seeks to seal photographs. Plaintiff Cardenas's photographs [**Doc. 56-1**] **SHALL REMAIN SEALED**.

Plaintiff Cardenas's Notice 1 and Notice 2 [Docs. 59 and 65] are substantially the same. He seeks an order allowing him to file by email, and he seeks an order directing Defendants to preserve certain items. Judge Crytzer has ruled on the former request [Doc. 61], and therefore, the instant requests are moot. And as explained above, a preservation order is not necessary. The Court **DENIES** Notices 1 and 2 [**Docs. 59 and 65**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] On July 18, 2025, Judge Crytzer denied Plaintiff Cardenas's request to file by email [Doc. 61].