UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEREL CARDENAS,<br><br>Plaintiff,<br><br>v.<br><br>GREY MATTER, LLC; et al.;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:25-CV-58-KAC-DCP |

**ORDER**

Before the Court are the "Objections Pursuant To Fed. R. Civ. P. 72 To The Order And Report And Recommendation Entered May 14, 2026" [Doc. 115] filed by Plaintiff Jerel Cardens, who is proceeding pro se. In the underlying Order and Report and Recommendation [Doc. 113], United States Magistrate Judge Debra C. Poplin denied and recommended denial of several of Plaintiff's Motions [*See* Doc. 113 at 1]. As relevant here, Plaintiff specifically objects to the denial of (1) the Motion to Compel as supplemented and renewed [Docs. 75, 79, 97] and (2) the Motion for Rule 37 Sanctions [Doc. 97] [*See* Doc. 115]. For the reasons below, the Court (1) overrules Plaintiff's objections to the Order, (2) adopts the recommendation to deny Plaintiff's "Motion for Default Judgment and Sanctions," and (3) denies Plaintiff's "Motion for Default Judgment and Sanctions" [Doc. 84].

On July 14, 2025, Plaintiff "identified his discovery demands to Defendants" [*See* Doc. 79 at 1]. "On August 2, 2025, Plaintiff served written discovery demands on Defendants" with a response deadline "of September 2, 2025" [*Id.*; *see also* Doc. 75-1 (Plaintiff's Notice of Discovery Demand and Request for Production)]. "Defendants failed to serve any responses by the September 2 deadline," so "Plaintiff filed a Motion to Compel (Doc. 75)" [*See* Docs. 79 at 1, 75].

On September 25, 2025, "more than three weeks late and only after Plaintiff's motion [to compel] was filed," Defendants served responses to Plaintiff's discovery requests [*See* Doc. 79 at 1; *see also* Doc. 77-1 (Defendants' Response to Plaintiff's Request for Production of Documents), Doc. 77-2 (Defendants' Response to Plaintiff's Second Request for Production of Documents)]. On September 29, 2025, Plaintiff supplemented his Motion to Compel [Docs. 75, 79], seeking various forms of relief against Defendants [*See* Doc. 79 at 2]. He did not request the production of any additional discovery beyond that he requested on August 2, 2025 [*See generally* Doc. 79]. But he argued that Defendants' responses were "almost entirely boilerplate objections" [*Id.* at 1]. On March 2, 2026, Plaintiff "renewed" his Motion to Compel and requested Rule 37 Sanctions [Doc. 97]. Defendants responded [Doc. 99], arguing that Plaintiff's requests are "without merit[]" because "Defendants have provided complete responses to all three of these requests" and "no discovery obligations remain outstanding" [*See* Doc. 99 at 1-2]. Judge Poplin agreed and denied Plaintiff's Motions [Docs. 75, 79, 97]. Plaintiff objected to that Order [Doc. 115]. The matter is now ripe.

When considering Plaintiff's objections to the Order, the Court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). This standard "provides considerable deference to the determinations of magistrate[]" judges. *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (internal citations omitted). The Court reviews factual findings for clear error and reviews conclusions of law de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Id.* at 219 (internal citations omitted). "The question is not whether the finding is the best or only conclusion that can be drawn from the

evidence." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Rather, the Court will uphold a magistrate judge's factual finding if there is evidence in the record to support it and the construction of that evidence is reasonable. *Id.* A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (internal citations omitted).

Federal Rule of Civil Procedure 37 allows a party to "move for an order compelling disclosure or discovery," but the motion must include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See* Fed. R. Civ. P. 37(a)(1). Plaintiff's first-in-time Motion to Compel [Doc. 75] does not clearly indicate that he complied with this requirement before filing the motion on September 2 [*See* Doc. 75 at 1 ("Plaintiff has attempted to resolve this matter without Court intervention."), 3 (noting that the motion was mailed on "this 2 day of September, 2025")].[1] And even if Plaintiff had complied with Rule 37, Defendants promptly filed appropriate discovery responses that were "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1);

[1] In Plaintiff's objection to the Order [Doc. 113], Plaintiff, for the first time, clearly indicated to the Court that he "engaged in repeated and ongoing good-faith efforts to obtain discovery without Court intervention over an extended period of time before filing the Motion to Compel" [*See* Doc. 115 at 1]. Plaintiff did state on April 1, 2026 that he "complied with procedural requirements" in his "Notice Requesting Immediate Ruling On Pending Motion And Advancement Of Case" [Doc. 107], but he did not discuss or otherwise represent that he conferred in good faith before filing the Motion to Compel [Doc. 75] on September 2 [*See* Doc. 107 at 1].

*see also Chrysler Corp. v. Fedders Corp.,* 643 F.2d 1229, 1240 (6th Cir. 1981), *cert. denied,* 454 U.S. 893 (1981) ("[I]t is well established that the scope of discovery is within the sound discretion of the trial court."). So, Plaintiff is not entitled to the remedy he seeks. *See id.* Accordingly, the Court **OVERRULES** Plaintiff's objection to the Order [Doc. 115].

The Order and Report and Recommendation [Doc. 113] also recommends that the Court deny Plaintiff's Motion for Default Judgment and Sanctions [Doc. 84] [*See* Doc. 113 at 4-7]. No Party has objected to the recommendation, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). After reviewing the record, the Court (1) **ACCEPTS** and **ADOPTS** the recommendation and (2) **DENIES** Plaintiff's "Motion for Default Judgment and Sanctions" [Doc. 84]. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge