UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOEL CARDENAS,<br><br>Plaintiff,<br><br>v.<br><br>GREY MATTER, LLC, *et. al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-cv-58-KAC-DCP |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are Plaintiff's Motion to Strike or Deem Waived Defendants' Untimely Discovery Objections, Compel Complete Production, Impose $20,000 in Sanctions, Enforce the Federal Discovery Rules, and Determine Plaintiff's Pending Rule 54(b) Motion ("Motion to Compel") [Doc. 138]; Plaintiff's Consolidated Motion Demanding Spoliation Sanctions, Reconsideration, Compelled Discovery, Rule 45 Subpoenas, and Evidentiary Hearing [Doc. 140]; and Plaintiff's Motion for Spoliation Sanctions, Reconsideration of Dismissal and Summary Judgment, Compelled Discovery, Rule 45 Subpoenas, and Evidentiary Hearing [Doc. 141]. The motions are ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). The Court will address each motion in turn, and, for the reasons explained below, the Court **DENIES** Plaintiff's motions [**Docs. 138, 140, and 141**].

## I. MOTION TO COMPEL [Doc. 138]

Plaintiff states that he served discovery on September 23, 2026, which required responses by October 23, 2026 [Doc. 138 p. 1]. Plaintiff explains that Defendant did not timely respond, but, instead, on October 25, 2026, requested additional time, which Plaintiff refused [*Id.*]. The parties agree that Defendants served responses, which included objections, on November 2, 2026 [*Id.* at 2, Doc. 136-1 p. 14]. On November 5, 2026, Plaintiff filed his motion [Doc. 138].

Plaintiff asks the Court to (1) strike Defendants' objections to discovery, (2) compel complete production, (3) award Plaintiff $20,000 in sanctions, and (4) determine Plaintiff's pending Rule 54(b) motion [*Id.*]. In support of his first request, Plaintiff argues that Defendants' discovery responses were untimely, and therefore, should be stricken or deemed waived [*Id.* at 2]. Plaintiff also states Defendants failed to adequately respond or comply with several document requests [*Id.* at 3–7]. As to Plaintiff's request for sanctions, he seeks $20,000 pursuant to Rule 37 of the Federal Rules of Civil Procedure "based upon the cumulative discovery history and resulting prejudice" [*Id.* at 8]. He also seeks additional sanctions to include "striking pleadings in whole or in part and prohibiting a disobedient party from supporting or opposing designated claims or defenses" [*Id.* at 9]. Lastly, Plaintiff "requests immediate determination of his pending Rule 54(b) motion concerning Brenda Bridges" [*Id.*].

Defendants filed a consolidated response [Doc. 149].[1] With respect to Plaintiff's Motion to Compel, Defendants argue that Plaintiff failed to follow the procedure for discovery disputes as outlined in the Court's Scheduling Order [*Id.* at 2]. Defendants also assert Plaintiff's request to

[1] Specifically, they filed Defendants' Consolidated Response to Plaintiff's Request for Determination of Rule 54(b) Motion and Plaintiff's Motion to Strike or Deem Waived Untimely Discovery Objections [Doc. 149].

deem all objections waived should be rejected as an "attempt to convert the timing issue into automatic entitlement to otherwise objectionable discovery" [*Id.* at 3]. Defendants further claim that deeming objections waived "is not a mechanism for eliminating the limitations imposed by Rule 26(b)(1)," explaining that Plaintiff is still bound by the requirement for discovery to be relevant [*Id.* at 3–4]. Finally, Defendants argue that Plaintiff's request for sanctions "is unsupported and grossly disproportionate" [*Id.* at 4].

Plaintiff replies that Defendants' procedural objections "cannot erase preservation violations" and maintains his position that the Court should rule on his pending motions [Doc. 154 p. 1].

This is not Plaintiff's first motion to compel [*See* Docs. 43, 53, 54, 75, 79, and 97]. The undersigned previously denied those motions based on procedural deficiencies [*See* Doc. 67 pp. 4–5, Doc. 113 p. 4]. In its prior Orders denying Plaintiff's motions to compel, the Court explained that Plaintiff's motions did not comply with Rule 37 and, specifically, that Plaintiff did not meet and confer or file a good faith certification of such conferral [*Id.*]. Since the filing and adjudication of those motions, on September 4, 2026, the Court entered a Scheduling Order [Doc. 128]. In that Order, the parties were advised of the proper procedure for filing motions to compel:

> Before filing a motion to compel, relevant Parties must meet and confer in an attempt to resolve the dispute. If the relevant Parties are unable to resolve the dispute informally, the relevant Parties must contact chambers of the assigned Magistrate Judge to notify the Court of a dispute and schedule a time for a telephone conference to attempt to resolve the dispute. If, and only if, the relevant Parties' dispute is unresolved following the conference with the Magistrate Judge, Parties may file an appropriate written motion with the Court. Parties must include a certification of compliance with this subsection and, if applicable, the written certification required by Rule 37(a)(1).

[Doc. 128 p. 2]. Therefore, prior to filing a motion to compel, a party must (1) meet and confer; (2) contact chambers of the Magistrate Judge to schedule a telephone conference regarding the dispute; (3) if the dispute is unresolved following the conference, file an appropriate motion; and (4) include a certification of compliance with the Scheduling Order and Rule 37(a)(1) [*Id.*].

Here, Plaintiff failed to adhere to the requisite steps outlined in this Court's Scheduling Order, including compliance with Rule 37. And although Plaintiff is representing himself, he is not exempted from these obligations or this Court's orders. "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Hodgin v. Sullivan Cnty. Detention Ctr.*, No. 2:25-cv-153, 2025 WL 3723615, at * 2 (quoting *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)). The Court's Scheduling Order outlines the requirements to file a motion to compel, and the Court has previously instructed Plaintiff to comply with Rule 37. Still, he has failed to cross those procedural hurdles. On that basis, the Court **DENIES** Plaintiff's Motion to Compel.[2]

Finally, with respect to Plaintiff's request for a determination on his pending Rule 54(b) motion, the Court has disposed of that motion and this request [*See* Doc. 157].

## II. MOTIONS FOR SPOLIATION SANCTIONS [Docs. 140 and 141]

Plaintiff seeks sanctions based on "intentional spoliation and concealment" as it pertains to Defendants' responses to several requests for production of documents [Doc. 140 p. 1]. Plaintiff argues that litigation involving the parties was pending in New York and that Defendants "knew relevant evidence had to be preserved" [*Id.*]. Plaintiff "demands discovery into the dates, decision

---

[2] Because the Court denies Plaintiff's motion to compel, it need not address his request for sanctions.

makers, recipients, preservation steps, deletion histories, backups, and recoverability of all relevant information" [*Id.* at 1–2]. Defendants did not respond to this motion.

"Federal district courts may impose sanctions for spoliation when a party destroys evidence in anticipation of litigation." *Henry v. Mihm*, 827 F. Supp. 3d 1002, 1007 (E.D. Mich. 2026) (citation omitted). Here, Plaintiff relies on 37(e), which provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> > **(A)** presume that the lost information was unfavorable to the party;
> >
> > **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
> >
> > **(C)** dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

The party seeking sanctions must establish (1) the ESI should have been preserved in the anticipation or conduct of litigation, (2) the non-moving party failed to take reasonable steps to preserve it, and (3) it cannot be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e); *see also United States v. Bell*, No. 6:23-CV-00058, 2026 WL 874442, at *16 (E.D. Ky. Mar. 31, 2026) (explaining that the moving party must show those three elements).[3] "The party alleging

[3] The Court observes, "There is an open issue as to whether the imposition of Rule 37(e)(2) sanctions requires proof by preponderance of the evidence or by clear and convincing evidence."

spoliation has the burden of proof." *Yoe v. Crescent Sock Co.*, No. 1:15-cv-3, 2017 WL 5479932, at *9 (E.D. Tenn. Nov. 14, 2017).

Plaintiff states that Defendants' discovery responses "acknowledge that the Yardbook account and former Knox Goats Gmail account were transferred with the business, that some emails were forwarded or retained in another Gmail account, and that a telephone used for the Georgia project was reset around February 2024" [Doc. 140 p. 1; *see also* Doc. 136-1 pp. 3–5, 13]. An examination of the responses shows that Plaintiff's summary is largely correct, however, Defendants challenge Plaintiff's entitlement to the documents on relevance grounds [*See* Doc. 136-1 pp. 3–5, 13]. Specifically, as to the Yardbook account, Defendants state that "Plaintiff was never given Yardbook credentials or authorized access," that "Yardbook was used for customer and job administration, not payroll," and that "Plaintiff's work hours and assignments were not tracked in Yardbook" [Doc. 136-1 p. 4]. Additionally, regarding the former Knox Goats Gmail account, Defendants state that they will review retained communications and supplement the response, not that the information does not exist [*Id.* at 3–4]. Plaintiff does not explain how any of this information is relevant to his Fair Labor Standards Act claims or the basis for why he believes it should have been preserved.[4] He further fails to show that evidence has been destroyed and cannot be replaced. Because he fails to establish these elements, the Court need not proceed through the remaining inquiries and **DENIES** his claim for spoliation.

---

*Yoe v. Crescent Sock Co.*, No. 1:15-CV-3, 2017 WL 5479932, at *9 (E.D. Tenn. Nov. 14, 2017). Under either standard, sanctions are not warranted in this case.

[4] Plaintiff includes a request for the Court to consider "the New York docket and submissions as evidence," but the Court does not have those documents before it for consideration.

Plaintiff's motion also includes a demand for "compelled discovery and subpoenas" [Doc. 140 p. 2]. To the extent this motion seeks an order compelling further discovery, Plaintiff does not show he complied with the Court's Scheduling Order regarding motions to compel as explained above. Additionally, the proper procedure by which to obtain subpoenas is outlined in Federal Rule of Civil Procedure 45 and requires a request for a subpoena to be issued by the Clerk, not by motion. Fed. R. Civ. P. 45(a)(3). The Court, therefore, **DENIES** Plaintiff's request for compelled discovery and subpoenas.

Plaintiff's motion also requests additional review of the Court's order dismissing Brenda Bridges [Doc. 140 pp. 3–4]. As noted above, the Court denied this request to revisit previous rulings regarding Ms. Bridges [Doc. 157 p. 2].

Finally, Plaintiff also filed a Motion for Spoliation Sanctions, Reconsideration of Dismissal and Summary Judgment, Compelled Discovery, Rule 45 Subpoenas, and Evidentiary Hearing [Doc. 141]. This motion appears to be nearly identical (apart from minor formatting changes) to the first three pages up to paragraph V, plus the last two paragraphs on page 4 of his prior motion [*Compare* Docs. 140 and Doc. 141]. Because this motion requests the same relief as Plaintiff's prior motion, the Court **DENIES** this motion as **MOOT** [**Doc. 141**].

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Strike or Deem Waived Defendants' Untimely Discovery Objections, Compel Complete Production, Impose $20,000 in Sanctions, Enforce the Federal Discovery Rules, and Determine Plaintiff's Pending Rule 54(b) Motion ("Motion to Compel") [**Doc. 138**]; Plaintiff's Consolidated Motion Demanding Spoliation Sanctions, Reconsideration, Compelled Discovery, Rule 45 Subpoenas, and Evidentiary Hearing [**Doc. 140**]; and Plaintiff's Motion for Spoliation Sanctions, Reconsideration

of Dismissal and Summary Judgment, Compelled Discovery, Rule 45 Subpoenas, and Evidentiary Hearing [**Doc. 141**].

**IT IS SO ORDERED.**

**ENTER:**

Debra C. Poplin
United States Magistrate Judge